IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERNEST JABLONSKY,<br><br>Defendant. | CR 17-17-H-CCL-JTJ<br><br>**FINDINGS AND<br>RECOMMENDATIONS** |

## INTRODUCTION

Senior United States District Judge Charles C. Lovell referred this case to the undersigned for the purpose of determining, under 18 U.S.C. § 3006A(f), whether the Defendant Ernest Jablonsky (Jablonsky) has the present financial ability to reimburse the Criminal Justice Act Fund for the cost of the appellate defense provided by the Federal Defenders of Montana. (Doc. 167).

The Court conducted a telephonic hearing on March 27, 2019. Jablonsky was represented by Michael J. Sherwood, Esq. The government was represented by Assistant United States Attorney Jeffrey K. Starnes. Jablonsky testified regarding his present financial condition. Jablonsky also provided copies of his 2017 and 2018 U.S. indiviudal income tax returns, and a copy of consumer loan

application he had prepared on or about December 15, 2017. (Docs. 173, 173-1 and 173-2).

Having considered the evidence and testimony presented, the Court finds that Jablonsky does not possess the present financial ability to reimburse the Criminal Justice Act Fund for the cost of the appellate defense provided by the Federal Defenders of Montana.

## BACKGROUND

Jablonsky was charged by Indictment on October 23, 2017, with three crimes: Conspiracy to Illegally Hunt and Kill Mountain Lions (Count 1); Illegal Sale of Outfitted Mountain Lion Hunts (Count 2); and False Labeling (Count 3). (Doc. 1). Jablonsky retained Sherwood as his lawyer. (Doc. 14).

Jablonsky filed a motion requesting that Count 2 of the Indictment be dismissed. (Doc. 20). Judge Lovell denied the motion. (Doc. 85). Jablonsky subsequently pleaded guilty to Count 2 pursuant to a plea agreement. (Doc. 107). The plea agreement stated that Jablonsky reserved the right to appeal Judge Lovell's Order denying his motion to dismiss Count 2. (Docs. 95, 106).

Following his change of plea hearing, Jablonsky moved for the appointment of CJA counsel. (Doc. 122). Jablonsky argued that he was entitled to CJA counsel because he had depleted his liquid assets. *Id.* Jablonsky submitted a

2

financial affidavit in support of his motion. (Doc. 121). Judge Lovell granted Jablonsky's motion and appointed Sherwood as Jablonsky's CJA counsel. (Doc. 148). Sherwood represented Jablonsky at his sentencing. (Doc. 140).

After judgment was entered, Jablonsky appealed Judge Lovell's Order denying his motion to dismiss Count 2 of the Indictment. Judge Lovell appointed Michael Donahoe of the Federal Defenders of Montana to represent Jablonsky for purposes of the appeal. (Doc. 148). Donahoe drafted an appellate brief. Jablonsky disapproved of Donahoe's appellate defense. Jablonsky fired Donahoe and retained Sherwood as his appellate counsel.

Ninth Circuit Appellate Commissioner Peter Shaw issued an Order on October 23, 2018, directing Jablonsky to show cause why he should not be required to reimburse the Criminal Justice Act Fund for the cost of the appellate defense provided by the Federal Defenders of Montana. (Doc. 160). Commissioner Shaw subsequently referred the reimbursement issue to Judge Lovell. (Doc. 162). Judge Lovell, in turn, referred the issue to the undersigned for findings and recommendations. (Doc. 167).

## **LEGAL STANDARD**

18 U.S.C. § 3006A(c) and (f) provide the Court with the authority to "order the payment or partial payment of court-appointed attorney's fees if [the Court] finds that the defendant is financially able to pay." *United States v. Lorenzini*, 71 F.3d 1489, 1494 (9th Cir. 1995). The Court is to focus on the defendant's "present ability to pay" for his representation. *Id.*; see also, *United States v. Evans*, 155 F.3d 245, 252 n.8 (3rd Cir. 1998).

The defendant bears the initial burden to show by a preponderance of the evidence that he lacks the present ability to pay the costs of his legal representation. *Evans*, 155 F.3d at 252 n.8. If the defendant demonstrates an inability to pay the costs of his defense, repayment should be ordered only if "a full inquiry" demonstrates that the defendant has the "actual ability" to bear the costs of his legal representation. *Museitef v. United States*, 131 F.3d 714, 716 (9th Cir. 1997).

The test for determining a defendant's ability to pay "is whether repayment would cause such financial hardship as to make it impractical or unjust." *Id.* The defendant's ability to pay must be evaluated "in light of the liquidity of the [defendant's] finances, his personal and familial needs, [and any] changes in his financial circumstances." *Id.*

The Court's decision on whether to order reimbursement under § 3006A(f)

4

is discretionary. *United States v. Bell*, 2007 WL 2303587, *2 (N.D. Ill. Aug. 9, 2007) (citing *United States v. Embry*, 128 F.3d 584, 585 (7th Cir. 1997)).

## DISCUSSION

Jablonsky's sole source of income is his big game outfitting business known as "Montana Big Game Pursuits." Jablonsky's 2017 and 2018 U.S. individual income tax returns show that Jablonsky incurred a net loss of $43,402 in 2017, and a net loss of $95,007 in 2018. (Docs. 173 at 1; 173-1 at 2). Jablonsky testified that the financial information set forth in his 2017 and 2018 tax returns was accurate. Jablonsky has not yet filed his federal income tax return for 2019. Jablonsky anticipates that his income in 2019 will be below average given that he had fewer hunting clients in 2019 than normal.

Jablonsky testified that he owns a home on 10 acres near Plains, Montana. The financial affidavit that Jablonsky filed on March 16, 2018, reflects that his home and real property have a combined value of $122,500. (Doc. 121 at 1). Jablonsky testified that his home is subject to a significant lien. Jablonsky testified that the home and 10 acres operate as security for a $100,000 consumer loan he obtained on or about January 16, 2018. (*See* Doc. 173-2).

Jablonsky's other assets include: a 1996 Toyota truck; a 2006 Dodge truck; and a 2011 fifth-wheel RV trailer. Jablonsky resides in the RV trailer during

5

hunting season. Jablonsky's financial affidavit shows that on March 16, 2018, the balance due on the RV trailer was $19,286.67. Jablonsky testified that he also has a checking account with a current balance of $598.00, and a savings account with a current balance of $737.00. Jablonsky testified that he does not own any stocks or bonds.

Jablonsky testified that Sherwood's bill for appellate work in this matter totaled $22,000. Jablonsky testified that he has paid Sherwood a total of $11,000. Sherwood affirmed that Jablonsky paid him $6,000 on or about November 1, 2018, and paid him $5,000 on or about March 8, 2019. Jablonsky testified that the source of the $6,000 payment was money he had earned during the 2018 hunting season. Jablonsky testified that his parents had loaned him the money for the $5,000 payment. Jablonsky testified that he has not yet repaid his parents for the loan.

Jablonsky testified that his opportunity for income in 2020 is uncertain at this time. Jablonsky testified that the coronavirus could have a significant adverse impact on his outfitting business, and the Montana State Board of Outfitters could suspend his outfitter license.

## CONCLUSION

The Court finds, based on the record developed, that Jablonsky does not possess the present ability to reimburse the Criminal Justice Act Fund for the cost of the appellate defense provided by the Federal Defenders of Montana.

Accordingly, IT IS HEREBY RECOMMENDED:

The District Court should not require Jablonsky to reimburse the Criminal Justice Act Fund for the cost of the appellate defense provided by the Federal Defenders of Montana.

DATED this 30th day of March, 2020.

John Johnston
United States Magistrate Judge